UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>　　　　　Defendant. | No. 2:19-cv-2359-JAM-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

The court previously granted plaintiff's request to proceed *in forma pauperis*, but dismissed his complaint with leave to amend pursuant to 28 U.S.C. 1915(e)(2).[1]  ECF No. 6. Plaintiff subsequently filed a first amended complaint (ECF No. 7), as well as motions for leave to file documents electronically (ECF No. 8), for a preliminary injunction (ECF No. 10), and to conduct discovery (ECF No. 12).  As explained below, the first amended complaint also fails to state a claim and must be dismissed.  Further, as discussed below, it is recommended the dismissal be without further leave to amend.  Accordingly, plaintiff's motions should be denied as moot.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

1    As previously explained to plaintiff, although pro se pleadings are liberally construed, *see*
2    *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be
3    dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief
4    that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)
5    (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's
6    obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and
7    conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual
8    allegations must be enough to raise a right to relief above the speculative level on the assumption
9    that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate
10   based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to
11   support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
12   1990).

13   Under this standard, the court must accept as true the allegations of the complaint in
14   question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the
15   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
16   *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading
17   requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a
18   complaint to include "a short and plain statement of the claim showing that the pleader is entitled
19   to relief, in order to give the defendant fair notice of what the claim is and the grounds upon
20   which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21   Like the original complaint's allegations, the first amended complaint's allegations are
22   difficult to follow. The 28-page amended complaint is filled with rambling about an alleged
23   conspiracy by defendant the Federal Bureau of Investigation ("FBI") to arrest and convict
24   plaintiff of a crime. ECF No. 7. Liberally construed, the amended complaint alleges that the FBI
25   is employing teenage girls to work as prostitutes in effort to trick men, including plaintiff, into
26   committing crimes. *Id*. at 13. Plaintiff claims that the FBI has instructed teenage girls to enter his
27   car with drug paraphernalia to make it appear plaintiff permits minors to use drugs. *Id*. He
28   further alleges the FBI has been falsely informing members of the community that plaintiff is a

pedophile and is "pimping teens across state lines." *Id*. at 14. He also claims he has been subjected to constant surveillance, and that FBI agents "monitor which street [he is] driving down and place a teen in [his] path." *Id*.

The complaint alleges that the FBI's conduct violated plaintiff's right to free speech under the First Amendment and to equal protection and due process under the Fourteenth Amendment. *Id*. at 9-11. It appears plaintiff is attempting to allege *Bivens*[2] claims against the FBI for violation of his constitutional rights. As plaintiff was previously informed, federal agencies, such as the FBI, are not amendable to suit under *Bivens*. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69-70 (2001).

The complaint also alleges that the FBI was negligent and made defamatory statements. *Id*. at 6, 13. Plaintiff's purported negligence claim rests on vague and conclusory allegations that fail to provide defendant with sufficient notice of the factual basis for plaintiff's claim. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id*. The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). Plaintiff has not alleged facts which, if presented to defendant, would adequately put it on notice of the facts underlying his negligence claim.

More significantly, the negligence claim fails as a matter of law as plaintiff fails to allege compliance with the Federal Tort Claims Act ("FTCA"). Tort claims—including claims for negligence—must be brought against the United States pursuant to the FTCA. 28 U.S.C. § 2671-2680; *see also Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("[T]he United States is the only proper party defendant in an FTCA action"). The FTCA requires a plaintiff, prior to commencing a civil action, to file an administrative tort claim with the appropriate agency. 28 U.S.C. § 2675(a). "The timely filing of an administrative claim is a

---

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

3

jurisdictional prerequisite to the bringing of a suit under the FTCA and, as such, should be affirmatively alleged in the complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980); *see Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) ("The requirement of an administrative claim is jurisdictional."). Here, the amended complaint does not allege plaintiff filed an administrative claim. Consequently, he has failed to establish the court's jurisdiction over his negligence claim.

Plaintiff's defamation claim also fails since the federal government has not waived its sovereign immunity for such claims. 28 U.S.C. § 2680(h); *see Walker v. Chugachmuit*, 46 F. App'x 421, 425 (9th Cir. 2002) ("The FTCA specifically provides that the Government has not waived its sovereign immunity with respect to any claim arising out of . . . libel [or] slander . . . . (internal quotations omitted)).

Accordingly, the amended complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2). Further, the court finds that granting further leave to amend would be futile. Plaintiff has already been afforded an opportunity to amend, and his allegations continue to fall far short of stating a cognizable claim. Consequently, it is recommended that the dismissal be without further leave to amend.[3] *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's first amended complaint (ECF No. 7) be dismissed without leave to amend; and

/////

/////

---

[3] As noted, plaintiff has also moved for leave to file documents electronically (ECF No. 8), for injunctive relief (ECF No. 10), and to conduct discovery (ECF No. 12). Because the amended complaint must be dismissed without leave to amend, these motions must necessarily be denied as moot. Plaintiff's motion for injunctive relief must also be denied since plaintiff is unable to demonstrate a likelihood of success on the merits. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (A party must demonstrate a likelihood of success on the merits in support of the grant of preliminary injunctive relief).

    2. Plaintiff's motions for leave to file documents electronically (ECF No. 8), for injunctive relief (ECF No. 10), and to conduct discovery (ECF No. 12) be denied as moot.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 14, 2020.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE